IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 1 2 2010 ★
BROOKLYN OFFICE

| | |
|---|---|
| ANTONIO G. AGBUYA<br>Plaintiff<br>v.<br><br>LVNV FUNDING LLC<br><br>Defendant | Case No.: CV10-2183<br><br>COMPLAINT AND JURY DEMAND<br><br>DEARIE, CH. J.<br>BLOOM, M.J. |

Plaintiff, ANTONIO G. AGBUYA brings suit against Defendant LVNV FUNDING LLC for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 and the Fair Credit Reporting Act, 15 U.S.C. 1691 *et seq.*

### A. JURISDICTION AND VENUE.

1. The Court has federal question jurisdiction over the lawsuit because the action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.*, (FDCPA) and the Fair Credit Reporting Act, 15 U.S.C. 1691 *et seq.*, (FCRA). Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law, the FDCPA and the FCRA Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

2. Venue in this District because all or a substantial part of the events or omissions giving rise to their claims occurred in Brooklyn, New York.

3. Plaintiff is an individual who resides in Brooklyn, NY.

4. Defendant LVNV FUNDING LLC, a limited liability corporation, organized under the laws of the State of Delaware. Said Defendant engages in business in New York but does not maintain designated agent for service of process in New York. This suit arose out of said

1

Defendant's business in New York. Therefore, LVNV FUNDING LLC, may be served by and through the New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, NY 12231. The New York Secretary of State may then forward a copy of the summons and complaint to Defendant by and through its Delaware registered The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington DE 19801 (New Castle County).

5. The court has jurisdiction over LVNV FUNDING LLC, a nonresident, because said defendant, in person or through an agent, transact business within the state of New York; committed a tortious act in the state of New York causing injury to person; committed a tortious act in the state of New York and 1) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state; 2) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; and/or 3) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

## B. STATEMENT OF FACTS

6. This is the second lawsuit that plaintiff has filed against LVNV in the last year for defendant's *continued* attempts to collect a debt from plaintiff that plaintiff does not owe, and that defendant itself acknowledges is not owed.

### The prior lawsuit, and supporting facts.

7. On March 27, 2009 plaintiff filed a prior lawsuit against defendant LVNV for its prior violations of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA") in Case No. 1:09-cv-01297-KAM-RML, Antonio G. Agbuya v. LVNV Funding

LLC, Eastern District of New York.

8. On May 13, 2009 defendant signed a settlement agreement in the prior case. Under the terms of the settlement, defendant acknowledged the alleged debt was vigorously disputed and released any claim to the alleged debt. Defendant paid plaintiff $9,875 in consideration for plaintiff dismissing the prior lawsuit. Plaintiff's consideration did not include a release of plaintiff's claims, just a dismissal of the suit.

9. The facts underlying the prior lawsuit are as follows. For five years prior to the filing of the prior lawsuit, plaintiff has been hounded for a debt with GE Capital he does not owe. Defendant, directly and through its agents, attempted to collect the alleged debt. Plaintiff repeatedly disputed this debt with defendant, directly or through its agents prior to the filing of the original lawsuit.

10. Plaintiff even forwarded to defendant, directly and through its agent, a copy of a letter from GE Capital apologizing for its mistake in reporting derogatory information regarding the false debt.

11. On information and belief, upon receiving this correspondence, defendant did not contact GE Capital to very if the debt was in fact owed.

12. Defendant reported the false debt on one or more of plaintiff's credit reports.

13. Plaintiff disputed the false debt in writing to one or more credit reporting agencies to which Defendant was reporting the false debt.

14. On information and belief, one or more of the credit reporting agencies forwarded plaintiff's dispute and supporting documentation to defendant.

15. On information, Defendant did not contact GE Capital to inquire whether plaintiff in fact owed the false debt.

16. Defendant verified the false debt as true and owing on one or more of plaintiff's credit reports.

## The current lawsuit, and supporting facts.

17. All of the facts listed in the remainder of this complaint take place within one year of the filing of this lawsuit, but after the signing of the settlement and dismissal of the prior lawsuit.

18. Incredibly, defendant *continued* to report the fraudulent debt as due to the credit reporting agencies, despite the fact that LVNV acknowledged in the written settlement that the fraudulent debt was not owed and explicitly released any claim to the fraudulent debt.

19. Plaintiff again sent a written dispute of the fraudulent debt to the credit reporting agencies. The dispute included a copy of the settlement releasing the claim on the debt, and a copy of the sections of the credit reports where defendant was still listing the debt as owed.

20. On information and belief, one or more of the credit reporting agencies forwarded the dispute defendant.

21. On information and belief, the information forwarded by the one or more of the credit reporting agencies included a statement that the basis for the dispute was a claim that the debt was settled, and further, included the documents submitted by plaintiff in support of the dispute.

22. Incredibly, LVNV *verified* to the credit reporting agencies that the debt was still owed,

despite the fact that LVNV acknowledged in the written settlement that the fraudulent debt was not owed, and explicitly released any claim to the fraudulent debt.

23. Defendant's actions caused Plaintiff actual damages, including damages for personal humiliation, embarrassment, invasion of privacy, mental anguish and/or emotional distress. Defendant's actions have also made it more difficult for plaintiff to obtain credit or obtain credit on favorable terms, causing further damage.

## COUNT # 1: Violations of the federal Fair Debt Collection Practices Act.

24. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

25. The purpose of the FDCPA is to eliminate abusive practices and to ensure that legitimate debt collectors are not competitively disadvantaged. 15 U.S.C. 1692(a)(e) ("It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.")

26. Congress designed the FDCPA to be enforced primarily through private parties – such as plaintiff – acting as "private attorneys general." See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.")

27. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5

28. Defendant is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

29. The obligation alleged by defendant to be owed by to plaintiff is a "debt" as defined by 15 U.S.C. § 1692a(5). The definition of "debt" includes not only an actual obligation, but also an "alleged obligation." Id.

30. Defendant acquired the debt it sought to collect against plaintiff after the alleged debt was in default with the original creditor.

31. Defendant violated the following sections of the FDCPA in collecting or in connection with collecting an alleged debt: 15 U.S.C. 1692d, 1692e, 1692f, and 1692g. By way of example and not limitation defendant violated the FDCPA by taking the following actions in an attempt to collect an alleged debt, or in connection with the collection of an alleged debt: engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person; using false, deceptive or misleading representations or means; making a false representation of the character, amount or legal status of a debt; threatening to take or actually taking an act prohibited by law; communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; using false representations or deceptive means; using unfair or unconscionable means; seeking to collect an amount not expressly authorized by contract or law; and continuing to collect a debt after notice is timely received that the debt is disputed.

32. Plaintiff seeks actual damages, statutory damages and attorney's fees and costs for defendant's violations.

### COUNT #2: Violation of the Fair Credit Reporting Act.

33. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted

6

and realleged herein. The commonly used term "credit reporting agencies" is used interchangeably with the technical definition of that same term used by the FCRA, "consumer reporting agencies."

34. Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1691 *et seq*. Without limitation, Defendant violated the FCRA by willfully or, in the alternative, negligently verifying the amount and status of the debt in violation of 15 U.S.C. § 1681s-2(b).

35. Defendant violated 15 U.S.C. § 1681i(a) by failing to correct or delete inaccurate information in plaintiff's credit file after receiving actual notice of such inaccuracies and conducting a reinvestigation, and by failing to maintain reasonable procedures with which to filter and verify disputed information in plaintiff's credit file.

36. Defendant communicated factual misrepresentations regarding plaintiff's credit worthiness to the credit reporting agencies and, through the agencies, to prospective creditors seeking to extend credit; existing creditors reviewing the credit report to determine the terms upon which it would continue to offer credit; and prospective creditors making promotional inquiries seeking to determine if they should send plaintiff credit particular credit offers. Defendant's false statements of plaintiff are libel per se. These statements made it more difficult for plaintiff to obtain credit, maintain credit, or receive offers of credit on terms as favorable as they would be without defendant's factual misrepresentations; and reasonably discouraged plaintiff from entering into financial transactions given the false reporting, harming plaintiff.

37. After being informed by the credit reporting agencies that the plaintiff disputed the

7

accuracy of the information it was providing, defendant willfully, or in the alternative negligently, failed to conduct a proper investigation of plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b)(A).

38. Defendant willfully, or in the alternative negligently, failed to review all relevant information purportedly provided by such credit reporting agencies to defendant in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

39. Defendant willfully, or in the alternative negligently, failed to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the alleged debt as required by 15 U.S.C. § 1681s-2(b)(C).

40. Plaintiff has a private right of action to assert claims against defendant arising under 15 U.S.C. § 1681s-2(b).

41. Regardless of whether defendant's actions were willful or negligent, plaintiff is entitled to actual damages in an amount to be determined by the trier of fact, as well as reasonable attorney's fees and costs. 15 U.S.C. § 1681n (liability for willful noncompliance); 15 U.S.C. § 1681o (liability for negligent noncompliance).

42. If defendant's actions are willful, plaintiff is further entitled to statutory damages of not less than $100 and not more than $1,000, or actual damages, whichever is greater. Plaintiff is further be entitled to punitive damages. 15 U.S.C. §1681n.

### C. JURY DEMAND.

43. Plaintiff demands a trial by jury.

### D. PRAYER

44. For these reasons, plaintiff asks for judgment against defendant for the following:

   i. The above referenced relief requested;

   ii. Statutory damages under the FDCPA up to $1,000.00 pursuant to 15 U.S.C. § 1692k (FDCPA); and statutory damages under the FCRA of not less than $100 and no more than $1,000, or actual damages, whichever is greater pursuant to 15 U.S.C. § 1681n.

   iii. Actual, exemplary, and punitive damages within the jurisdictional limits of the court;

   iv. Attorney fees and costs;

   v. Prejudgment and post-judgment interest as allowed by law;

   vi. General relief;

   vii. All other relief, in law and in equity, both special and general, to which plaintiff may be justly entitled.

Respectfully submitted,
/s/ *Ahmad Keshavarz*

Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
State of New York Bar Number: 24012957

The Law Office of Ahmad Keshavarz
16 Court St., 26th Floor
Brooklyn, NY 11241-1026

Phone: (718) 522-7900
Fax: (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com